# RESTON v. BOARD OF DADE COUNTY COMMISSIONERS

Case No. 82-206-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

August 4, 1983

## APPEARANCES OF COUNSEL

**Lyons & Smith, P.A.,** and **Robert P. Lithman** for appellants.

**Robert A. Ginsberg,** County Attorney, and **Robert L. Krawcheck,** Assistant County Attorney, for appellees.

Before KLEIN, LEVY, KOGAN, J.J.

## OPINION OF THE COURT

PER CURIAM.

This action was filed after the Board of County Commissioners reversed an order of the Dade County Zoning Appeals Board granting

Appellant Ruth Reston a variance to permit a package store and bar in a BU-1A zone as would be permitted in a BU-2 zone and a special exception to permit a bar and package store spaced less than the required 2,500 feet from a school and spaced less than the required 1,500 feet from other alcoholic beverage establishments. The main argument against the granting of the variance, as advanced by the Dade County School Board, was that the package store and bar would have a detrimental effect on the neighborhood and children in area schools.

The Court is well aware of the alcohol problem in our schools today; however, the record shows that Mrs. Reston had been in business since 1963 at this approximate location up until the acquisition of the property by Metropolitan Dade County through its power of eminent domain.

This, coupled with the fact that the location of the property in question is within 250 feet of her prior establishment and that presently there are two other liquor establishments in the immediate vicinity, indicates that denial of the variance will not help solve the problem presented by the Dade County School Board.

The record in this case shows that the Metro Rail relocation office played a significant part in selecting the site now in question. Furthermore, it has been shown that based upon representations by Metro Rail, Mrs. Reston expended close to $300,000 in the purchase of the property and improvements on same. The doctrine of equitable estoppel is applicable to enjoin a city commission from exercising its zoning power when a property owner,

1) relying in good faith

2) upon some act or omission of the government

3) has made a substantial change in position or incurred such extensive obligations and expenses,

that it would be highly inequitable and unjust to destroy the rights he has acquired. *Hollywood Beach Hotel v. City of Hollywood,* 329 So.2d 10 (Fla. S. Ct. 1976).

Mrs. Reston relied upon the representations made to her by Metro Rail that she would be able to operate her business at the new location.

The Court feels that the doctrine of equitable estoppel is therefore applicable in this case.

It would be a sad commentary on our local government to allow the commission to deny Mrs. Reston's variance after her actions were induced by one of its own administrative bodies.

The decision of the Board of County Commissioners is REVERSED and the order of the Dade County Zoning Appeals Board granting the variance is REINSTATED.